IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

AMERICAN CIVIL LIBERTIES UNION and )
AMERICAN CIVIL LIBERTIES UNION FOUNDATION, )
)
Plaintiffs, )
) Civil Action No. 1:08-cv-00672
) (HHK)
v. )
)
UNITED STATES DEPARTMENT OF DEFENSE, )
)
Defendant. )

**DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT FOR INJUNCTIVE RELIEF**

Defendant, the United States Department of Defense ("DOD"), answers Plaintiffs' Complaint for Injunctive Relief as follows:

First Affirmative Defense

Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

Second Affirmative Defense

Plaintiffs have failed to exhaust applicable administrative remedies.

Third Affirmative Defense

The Court lacks subject matter jurisdiction over Plaintiffs' Complaint because Defendant has not improperly withheld information within the meaning of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

Fourth Affirmative Defense

The Court lacks subject matter jurisdiction over Plaintiffs' request to the extent that the

request exceeds relief authorized by the FOIA.

### Fifth Affirmative Defense

The FOIA request that is the subject of this lawsuit may implicate certain information that is protected from disclosure by one or more statutory exemptions. Disclosure of such information is not required.

### Sixth Affirmative Defense

Defendant denies each and every allegation contained in Plaintiffs' Complaint except as hereinafter may be expressly admitted.

In response to the numbered paragraphs and sentences of the Complaint, Defendant admits, denies, or otherwise responds as follows:

1. This paragraph constitutes Plaintiffs' characterization of their action, to which no response is required.

2. Defendant admits Plaintiffs made the FOIA request at issue in this case by a letter dated July 17, 2007. The remainder of this paragraph characterizes Plaintiffs' FOIA request, to which no response is required. To the extent that a response is deemed required, Defendant denies the allegations on the ground that the FOIA request speaks for itself and respectfully refers the Court to that request for a complete and accurate statement of its contents.

3. Defendant admits that the DOD has been operating a detention camp at the United States Naval Station at Guantanamo Bay, Cuba. Defendant denies the remaining allegations of this paragraph.

4. Defendant admits three detainees held at the detention camp at the United States Naval Station at Guantanamo Bay, Cuba ("detainee") apparently committed suicide in

2006, one detainee apparently committed suicide in 2007, and one detainee died of natural causes in 2007. Defendant further admits that no suicide notes have been publically released for any detainee who apparently committed suicide. The remainder of this paragraph contains Plaintiffs' characterization of public statements and matters allegedly described in undisclosed published news articles, to which no response is required. To the extent that a response is deemed required, Defendant denies the allegations on the ground that the alleged statements and articles speak for themselves and respectfully refers the Court to those statements and articles for a complete and accurate statement of their contents.

     5.    Defendant admits investigations into the four apparent detainee suicides were opened. Defendant denies the remaining allegations of this paragraph.

     6.    Defendant admits Plaintiffs requested expedited processing and a waiver of fees for their FOIA request in this case. Defendant further admits it has released no records to date in response to Plaintiffs' FOIA request. Finally, Defendant admits that it sent a letter in response to Plaintiffs' FOIA request in this case on July 30, 2007, Plaintiffs filed an administrative appeal regarding their FOIA request by a letter dated August 23, 2007, and Defendant sent a letter regarding Plaintiffs' administrative appeal dated September 14, 2007. The July 30, 2007 letter, the FOIA appeal, and Defendant's response to Plaintiffs' FOIA appeal speak for themselves and respectfully refers the Court to those documents for a complete and accurate statement of their contents.

     7 (5).[1]    This paragraph contains Plaintiffs' legal conclusions, to which no response is

---

[1] Plaintiffs' Complaint appears to contain a number of scrivener's errors regarding the numbering of its paragraphs. For example, there are two paragraphs numbered "5," two paragraphs numbered "6," two paragraphs numbered "20," two paragraphs numbered "22," two

required. To the extent a response is deemed required, Defendant denies the allegations.

8 (6). This paragraph contains Plaintiffs' legal conclusions, to which no response is required.

9 (7). This paragraph consists of Plaintiffs' legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations.

10 (8). Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and so denies them.

11 (9). Admitted.

12 (10). Defendant admits approximately 770 detainees have been held at Guantanamo and that, as of March 2008, approximately 280 detainees remained at Guantanamo. Defendant denies the remaining allegations of this paragraph.

13 (11). This paragraph contains Plaintiffs' characterization of matters allegedly described in a published news article, to which no response is required. To the extent that a response is deemed required, Defendant denies the allegations on the ground that the article speaks for itself and respectfully refers the Court to the article for a complete and accurate statement of its contents.

14 (12). This paragraph contains Plaintiffs' characterization of matters allegedly described in published news articles, to which no response is required. To the extent that a response is deemed required, Defendant denies the allegations on the ground that the articles

---

paragraphs numbered "23." There is also no paragraph numbered "33," no paragraph numbered "38," and no paragraph numbered "39." The paragraphs in Defendant's Answer are numbered sequentially, but for ease of comparison, the original number of the paragraph from Plaintiffs' Complaint also is included in parenthesis.

speak for themselves and respectfully refers the Court to the articles for a complete and accurate statement of their contents.

15 (13).   Defendant admits that on June 10, 2006, three detainees apparently committed suicide. Defendant further admits that the names and nationalities of those three detainees are: Ali Abdullah Ahmed, Yemeni; Yassar Talal al-Zahrani, Saudi Arabian; and Mani Shaman Turki al-Habardi al-Utaybi, Saudi Arabian. The remainder of this paragraph contains Plaintiffs' characterization of matters allegedly described in published news articles, to which no response is required. To the extent that a response is deemed required, Defendant denies the allegations on the ground that the articles speak for themselves and respectfully refers the Court to the articles for a complete and accurate statement of their contents.

16 (14).   This paragraph contains Plaintiffs' characterization of matters allegedly described in published news articles, to which no response is required. To the extent that a response is deemed required, Defendant denies the allegations on the ground that the articles speak for themselves and respectfully refers the Court to the articles for a complete and accurate statement of their contents.

17 (15).   Defendant admits that the three detainees who apparently committed suicide in 2006 left behind notes and that the contents of those notes have not been released to the public. The remainder of this paragraph contains Plaintiffs' characterization of matters allegedly described in published news articles, to which no response is required. To the extent that a response is deemed required, Defendant denies the allegations on the ground that the articles speak for themselves and respectfully refers the Court to the articles for a complete and accurate statement of their contents.

18 (16).    Defendant admits that the deaths of the three detainees who apparently committed suicide in 2006 are the subject of an ongoing investigation and that autopsies have been conducted. The remainder of this paragraph contains Plaintiffs' characterization of matters allegedly described in published news articles, to which no response is required. To the extent that a response is deemed required, Defendant denies the allegations on the ground that the articles speak for themselves and respectfully refers the Court to the articles for a complete and accurate statement of their contents.

19 (17).    This paragraph contains Plaintiffs' characterization of matters allegedly described in published news articles, to which no response is required. To the extent that a response is deemed required, Defendant denies the allegations on the ground that the articles speak for themselves and respectfully refers the Court to the articles for a complete and accurate statement of their contents.

20 (18).    Defendant denies that a detainee committed suicide on May 5, 2007. Defendant admits that a detainee apparently committed suicide on May 30, 2007. Defendant further admits the name and nationality of this detainee is: Abdul Rahman Ma'ath Thafir Al Amri a.k.a. Al Amri, Saudi Arabian. The remainder of this paragraph contains Plaintiffs' characterization of matters allegedly described in published news articles, to which no response is required. To the extent that a response is deemed required, Defendant denies the allegations on the ground that the articles speak for themselves and respectfully refers the Court to the articles for a complete and accurate statement of their contents.

21 (19).    Defendant admits that the death of the detainee who apparently committed suicide in 2007 is the subject of an ongoing investigation and an autopsy has been conducted.

The remainder of this paragraph contains Plaintiffs' characterization of matters allegedly described in published news articles, to which no response is required. To the extent that a response is deemed required, Defendant denies the allegations on the ground that the articles speak for themselves and respectfully refers the Court to the articles for a complete and accurate statement of their contents.

22 (20).   Defendant admits that a detainee died of natural causes on December 30, 2007. Defendant further admits the name of this detainee is Abdul Razzak. The remainder of this paragraph contains Plaintiffs' characterization of matters allegedly described in published news articles, to which no response is required. To the extent that a response is deemed required, Defendant denies the allegations on the ground that the articles speak for themselves and respectfully refers the Court to the articles for a complete and accurate statement of their contents.

23 (20).   Defendant admits Plaintiffs made the FOIA request at issue in this case by a letter dated July 17, 2007.

24 (21).   This paragraph characterizes Plaintiffs' FOIA request, to which no response is required. To the extent that a response is deemed required, Defendant denies the allegations on the ground that the FOIA request speaks for itself and respectfully refers the Court to that request for a complete and accurate statement of its contents.

25 (22).   Defendant admits Plaintiffs sought expedited processing of their FOIA request. To the extent that the remainder of this paragraph is a statement of Plaintiffs' argument and an opinion as to why their FOIA request is entitled to expedited processing and insofar as an answer may be required, Defendant denies the allegations.

26 (23).   Defendant admits Plaintiffs sought a waiver of fees for their FOIA request. To the extent that the remainder of this paragraph is a statement of Plaintiffs' argument and an opinion as to why they are entitled to a waiver of fees for their FOIA request and insofar as an answer may be required, Defendant denies the allegations.

27 (22).   This paragraph contains Plaintiffs' legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations.

28 (23).   The first and second sentences in this paragraph contain Plaintiffs' legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations. The remainder of the paragraph contains allegations the truth about which Defendant lacks knowledge or information sufficient to form a belief and so denies them.

29 (24).   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and so denies them.

30 (25).   This paragraph contains Plaintiffs' legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations.

31 (26).   The first sentence in this paragraph contains Plaintiffs' legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations. The second sentence in this paragraph contains allegations the truth about which Defendant lacks knowledge or information sufficient to form a belief and so denies them.

32 (27).   This paragraph contains Plaintiffs' legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations.

33 (28).   The first sentence in this paragraph is denied. The second sentence in

this paragraph characterizes Plaintiffs' FOIA request, to which no response is required. To the extent that a response is deemed required, Defendant denies the allegations on the ground that the FOIA request speaks for itself and respectfully refers the Court to that request for a complete and accurate statement of its contents.

34 (29). This paragraph contains Plaintiffs' legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations.

35 (30). Denied.

36 (31). The first sentence in this paragraph contains Plaintiffs' legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in the first sentence. The second sentence in this paragraph is denied. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence in this paragraph and so denies it.

37 (32). The first sentence in this paragraph contains Plaintiffs' legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in the first sentence. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the remainder of this paragraph and so denies them.

38 (34). Defendant denies the first sentence of this paragraph. Regarding the second sentence of this paragraph, Defendant admits it has released no records to date in response to Plaintiffs' FOIA request in this case.

39 (35). Defendant admits it sent a letter in response to Plaintiffs' FOIA request in this case on July 30, 2007. The remainder of this paragraph constitutes Plaintiffs' characterization of Defendant's response to Plaintiffs' FOIA request, to which no response is

required. To the extent that a response is deemed required, Defendant denies the allegations on the ground that the July 30, 2007 letter speaks for itself and respectfully refers the Court to the letter for a complete and accurate statement of its contents.

40 (36).    Defendant admits Plaintiffs filed an administrative appeal regarding the FOIA request at issue in this case by a letter dated August 23, 2007. The remainder of this paragraph characterizes Plaintiffs' FOIA appeal, to which no response is required. To the extent that a response is deemed required, Defendant denies the allegations on the ground that the FOIA appeal speaks for itself and respectfully refers the Court to that appeal for a complete and accurate statement of its contents.

41 (37).    Defendant denies it sent a letter regarding Plaintiffs' administrative appeal dated September 24, 2007. Defendant admits it sent a letter regarding Plaintiffs' administrative appeal dated September 14, 2007. The remainder of this paragraph constitutes Plaintiffs' characterization of Defendant's response to Plaintiffs' FOIA appeal, to which no response is required. To the extent that a response is deemed required, Defendant denies the allegations on the ground that the letter speaks for itself and respectfully refers the Court to the September 14, 2007 letter for a complete and accurate statement of its contents.

42 (40).    This paragraph contains Plaintiffs' legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations.

43 (41).    This paragraph contains Plaintiffs' legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations.

44 (42).    This paragraph contains Plaintiffs' legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations.

The remainder of Plaintiffs' Complaint contains a prayer for relief, to which no response is required. To the extent a response is deemed required, Defendant denies Plaintiffs are entitled to the requested relief or to any relief whatsoever.

Respectfully submitted this 27th day of May, 2008.

> GREGORY G. KATSAS
> Acting Assistant Attorney General
>
> JEFFREY A. TAYLOR
> United States Attorney
>
> JOSEPH H. HUNT
> Director, Federal Programs Branch
>
> ELIZABETH J. SHAPIRO
> Assistant Branch Director, Federal Programs Branch
>
>
> s/ Peter D. Leary
> PETER D. LEARY (VA Bar # 71196)
> Trial Attorney, Federal Programs Branch
> U.S. Department of Justice, Civil Division
> Tel: (202) 514-3313
> Fax: (202) 616-8470
> peter.leary@usdoj.gov
>
> Mailing Address:
> Post Office Box 883
> Washington, D.C. 20044
>
> Courier Address:
> 20 Massachusetts Ave., NW, Rm. 7322
> Washington, D.C. 20001
>
> *Counsel for Defendant*

**CERTIFICATE OF SERVICE**

  I hereby certify that on May 27, 2008, I caused the foregoing Defendant's Answer to Plaintiffs' Complaint for Injunctive Relief to be served electronically on Plaintiffs by filing it with this Court's Electronic Case Files (ECF) system.

Dated: May 27, 2008

                   s/ Peter D. Leary
                   PETER D. LEARY