IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION and AMERICAN CIVIL LIBERTIES UNION FOUNDATION, <br><br>  Plaintiffs, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF DEFENSE, <br><br>  Defendant. | Civil Action No. 1:08-cv-00672 (HHK) |

**JOINT NOTICE OF PROPOSED PRODUCTION SCHEDULE**

The parties hereby submit this notice to inform the Court of the status of Plaintiffs' July 17, 2007 Freedom of Information Act request and to propose an agreed schedule for the dates on which Defendant will complete its response to Plaintiffs' request.

1. This is an action in which Plaintiffs seek access, pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to certain records created and controlled by Defendant.

2. On July 17, 2007, Plaintiffs submitted a FOIA request to the Department of Defense ("DoD"). In their request, Plaintiffs sought "all records relating to deaths, including but not limited to suicides, attempted suicides, accidental deaths, homicides, attempted homicides and natural deaths, since January 2002 of detainees held in U.S. custody at the U.S. Naval Base located at Guantanamo Bay, Cuba ('Guantanamo Bay')." Plaintiffs also asked that their request be granted expedited processing and a waiver or limitation of fees.

3. Plaintiffs filed their Complaint in this action on April 17, 2008, and Defendant

timely answered the Complaint on May 27, 2008. Since that date, the parties have been in regular communication in an effort to reach an agreement regarding the production of records. The parties have succeeded in significantly narrowing the issues for litigation.

4.  Without comment on the merits of whether Plaintiffs' request warrants a waiver or limitation of fees, Defendant will process the request without cost to Plaintiffs.

5.  With regard to Plaintiffs' FOIA request, the components within DoD that will conduct the relevant searches shall be limited to: DoD components at the Joint Task Force – Guantanamo Bay (limited to the Joint Intelligence Group ("JIG"), the Joint Detention Group ("JDG") and the Joint Medical Group ("JMG")), Detainee Affairs ("DA"), the Naval Criminal Investigative Service ("NCIS"), the Armed Forces Institute of Pathology ("AFIP"), and the DoD Office of General Counsel ("OGC"). The limitation of Defendant's search to these components is based on Defendant's representation to Plaintiffs that the only other component that might be covered by Plaintiffs' request, the Criminal Investigation Task Force, had no role with respect to any investigation or response to any deaths or attempted deaths, including attempted suicides, at Guantanamo.

6.  The parties have also agreed on a schedule for the production of records under Plaintiffs' request. Plaintiffs' FOIA request covers records that fall into a number of categories, and Defendant shall produce responsive non-exempt records within its possession and control based on a rolling production schedule. Although each category will have a different production deadline, each deadline will begin from the same date: August 13, 2008. The parties propose that the Court enter an order adopting the following:

    a.  <u>Three detainees who committed suicide in 2006</u> (Mani Shaman Turki

al-Habardi al-Utaybi (ISN 588), Ali Abdullah Ahmed (ISN 693) and Yassar Talal al-Zahrani):

      i.     Defendant will complete its processing of the NCIS investigation reports and AFIP autopsy reports and release all responsive non-exempt records within its possession and control within 30 days of August 13, 2008 (by 09/12/08).

      ii.     Defendant's other relevant components (JIG, JDG, JMG, OGC) will complete their processing of and release all responsive non-exempt records within their possession and control within 90 days of August 13, 2008 (by 11/11/08).

    b.    <u>Detainee who committed suicide in 2007</u> (Abdul Rahman Ma'ath Thafir Al Amri a.k.a. Al Amri):

      i.     Defendant's investigation into this death is ongoing. Defendant will provide a status report on the NCIS investigation reports and AFIP autopsy reports within 30 days of August 13, 2008 (by 09/12/08). In addition, within five business days of the completion of the investigation, the parties will confer to agree upon a specific production date by which Defendant will release all responsive non-exempt records within its possession and control.

      ii.     Defendant's other relevant components (JIG, JDG, JMG, OGC) will complete their processing of and release all responsive non-exempt records within their possession and control within 90 days of August 13, 2008 (by 11/11/08). If Defendant's investigation of this death is completed after November 11, 2008, these components will process and release all responsive non-exempt records within their possession and control that relate to the investigation within 30 days of the completion of the investigation.

    c.    <u>Detainee who died of natural causes in 2007</u> (Abdul Razzak):

      i.     Defendant (NCIS, AFIP, JIG, JDG, JMG, OGC) will complete its

processing of and release all responsive non-exempt records within its possession and control all responsive, non-exempt records within 90 days of August 13, 2008 (by 11/11/08).

    d.    <u>Detainees who have attempted to commit suicide</u>:

        i.    Defendant (NCIS, AFIP, JIG, JDG, JMG, OGC) will complete its processing of and release all responsive non-exempt records within its possession and control within 120 days of August 13, 2008 (by 12/11/08).

        ii.    For the category of detainees who have attempted suicide, DoD will release all responsive non-exempt records within its possession and control on a rolling basis before the final production deadline of December 11, 2008, as each DoD component finishes its search.

        iii.    DoD will release all responsive non-exempt records within its possession and control related to detainees who have attempted to commit suicide for the period beginning on January 1, 2002 and ending July 17, 2007.

7.    The parties have reached a number of additional agreements on relevant issues:

    a.    Defendant will exempt detainee dental records from Plaintiffs' request.

    b.    The Detainee Affairs component will produce all responsive non-exempt records within its possession and control that relate to Plaintiffs' entire FOIA request on a rolling basis as it completes its search responsive to each category of Plaintiffs' request, with a final production deadline of 120 days from August 13, 2008 (by 12/11/08).

    c.    To the extent that some of the components conducting the relevant searches may locate records that will have to be referred to other departments or agencies for review, DoD will refer the records as appropriate and will make every effort to produce any

responsive, non-exempt records by December 11, 2008. In the event such a referral occurs, the parties shall, at the time of referral, confer to agree upon a specific production date.

        d.     Plaintiffs' FOIA request also requested records relating to any detainees who had been killed due to homicide or who had been victims of attempted homicide. Defendant does not believe any detainees fit into either category. To the extent that Defendant discovers any records for the period from January 1, 2002 to July 17, 2007, that contradict Defendant's belief, Defendant will inform Plaintiffs within five business days of the discovery, and the parties will confer on how to resolve this matter.

        e.     This schedule represents Defendant's good faith estimate of its ability to process Plaintiffs' request, and Defendant reserves the right to seek to modify the schedule by stipulation or Court order in the event that ongoing military operations, the availability of necessary personnel, or other circumstances preclude Defendant from fulfilling the terms of the schedule. Plaintiffs reserve the right to oppose any such request. Defendant nevertheless anticipates being able to meet the deadlines proposed in this schedule and will make every effort to do so.

        8.     Upon the completion of Defendant's processing of Plaintiffs' request, the parties will promptly apprise the Court of the status of this case. The parties ask that the Court retain jurisdiction over this suit for the primary purpose of resolving any subsequent dispute over withheld records. The parties agree to undertake their best efforts to resolve any issues regarding the withholding of records by Defendant. If a dispute remains as to any withholding, the parties will inform the Court and, at that time, will propose a schedule for the briefing of the dispute. If the parties are able to resolve any and all issues regarding withholdings, the parties will jointly

inform the Court that dismissal of this case is appropriate.

      9.      In light of this agreement, the parties request that the Court vacate the briefing schedule entered on July 16, 2008.

Respectfully submitted,

| | |
|---|---|
| /s/ Hina Shamsi | GREGORY G. KATSAS |
| Hina Shamsi | Assistant Attorney General |
| Nasrina Bargzie | |
| Jameel Jaffer | JEFFREY A. TAYLOR |
| American Civil Liberties Union Foundation | United States Attorney |
| 125 Broad Street, 18th Floor | |
| New York, NY 10004 | JOSEPH H. HUNT |
| Phone: (212) 519-7886 | Director, Federal Programs Branch |
| Fax: (212) 549-2583 | ELIZABETH J. SHAPIRO |
| hshamsi@aclu.org | Asst. Branch Dir., Federal Programs Branch |
| | |
| Arthur B. Spitzer (D.C. Bar No. 235960) | |
| American Civil Liberties Union | /s/ Peter D. Leary |
| of the National Capital Area | PETER D. LEARY (VA Bar # 71196) |
| 1400 20th Street, N.W., Suite 119 | Trial Attorney, Federal Programs Branch |
| Washington, DC 20036 | U.S. Department of Justice, Civil Division |
| Phone: (202) 457-0800 | Tel: (202) 514-3313 |
| Fax: (202) 452-1868 | Fax: (202) 616-8470 |
| artspitzer@aol.com | peter.leary@usdoj.gov |
| | |
| | Mailing Address: |
| Deena Hurwitz | Post Office Box 883 |
| International Human Rights Law Clinic | Washington, D.C. 20044 |
| and Human Rights Program | |
| University of Virginia School of Law | Courier Address: |
| 580 Massie Road, Charlottesville, VA 22903 | 20 Massachusetts Ave., NW, Rm. 7322 |
| Phone: (434) 924-4776 | Washington, D.C. 20001 |
| Fax: (434) 924-7315 | |
| drh9z@virginia.edu | *Counsel for Defendant* |

*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

  I hereby certify that on August 13, 2008, I caused the foregoing Joint Notice of Proposed Production Schedule to be served electronically on Plaintiffs by filing it with this Court's Electronic Case Files (ECF) system.

Dated: August 13, 2008

                /s/ Peter D. Leary
                PETER D. LEARY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION and<br>AMERICAN CIVIL LIBERTIES UNION FOUNDATION,<br><br>   Plaintiffs,<br><br>   v.<br><br>UNITED STATES DEPARTMENT OF DEFENSE,<br><br>   Defendant. | Civil Action No. 1:08-cv-00672 (HHK) |

**ORDER**

Based on the parties' Joint Notice of Proposed Production Schedule, it is hereby

**ORDERED** that Defendant complete its processing of Plaintiffs' Freedom of Information Act request submitted to the Department of Defense based on the production schedule set forth in the parties' Joint Notice of Proposed Production Schedule; and it is

**FURTHER ORDERED** that Defendant provide Plaintiffs with written certification of its compliance with each deadline set forth in the parties' Joint Notice of Proposed Production Schedule within 14 days of that deadline; and it is

**FURTHER ORDERED** that the parties promptly file a status report upon the completion of Defendant's processing of Plaintiffs' request; and it is

**FURTHER ORDERED** that the briefing schedule entered on July 16, 2008, is hereby vacated.

_____
HENRY H. KENNEDY, JR.
United States District Judge

Dated: _____.