**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____

AMERICAN CIVIL LIBERTIES UNION and )
AMERICAN CIVIL LIBERTIES UNION FOUNDATION, )
                                      )
         Plaintiffs, )
                                        )   Civil Action No. 1:08-cv-00672
                                        )   (HHK)
         v. )
                                          )
UNITED STATES DEPARTMENT OF DEFENSE, )
                                          )
         Defendant. )

_____

**JOINT NOTICE OF PROPOSED AMENDED PRODUCTION SCHEDULE**

The parties hereby submit this notice to correct a mistaken representation made by Defendant to Plaintiffs and memorialized in the parties' Joint Notice of Proposed Production Schedule submitted on August 13, 2008, and to propose an amended schedule for the dates on which Defendant will complete its response to Plaintiffs' July 17, 2007 Freedom of Information Act request.

1.       This is an action in which Plaintiffs seek access, pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to certain records created and controlled by Defendant.

2.       On July 17, 2007, Plaintiffs submitted a FOIA request to the Department of Defense ("DoD"). In their request, Plaintiffs sought "all records relating to deaths, including but not limited to suicides, attempted suicides, accidental deaths, homicides, attempted homicides and natural deaths, since January 2002 of detainees held in U.S. custody at the U.S. Naval Base located at Guantanamo Bay, Cuba ('Guantanamo Bay')." Plaintiffs also asked that their request

be granted expedited processing and a waiver or limitation of fees.

3.      Plaintiffs filed their Complaint in this action on April 17, 2008, and Defendant timely answered the Complaint on May 27, 2008.  Since that date, the parties have been in regular communication in an effort to reach an agreement regarding the production of records. The parties have succeeded in significantly narrowing the issues for litigation.

4.      Without comment on the merits of whether Plaintiffs' request warrants a waiver or limitation of fees, Defendant will process the request without cost to Plaintiffs.

5.      With regard to Plaintiffs' FOIA request, the components within DoD that will conduct the relevant searches shall be: DoD components at the Joint Task Force – Guantanamo Bay (limited to the Joint Intelligence Group ("JIG"), the Joint Detention Group ("JDG") and the Joint Medical Group ("JMG")), Detainee Affairs ("DA"), the Naval Criminal Investigative Service ("NCIS"), the Armed Forces Institute of Pathology ("AFIP"), the DoD Office of General Counsel ("OGC"), and the Criminal Investigation Task Force ("CITF").

6.      During the course of the parties' negotiations regarding Plaintiffs' request, Defendant represented to Plaintiffs that the CITF "had no role with respect to any investigation or response to any deaths or attempted deaths, including attempted suicides, at Guantanamo." Defendant has discovered that this assertion was, at least in part,[1] not accurate.  Therefore, Defendant agrees to search for any CITF records pertaining to Plaintiffs' FOIA request and to produce any responsive, non-exempt records within its possession and control according to the schedule set forth below.

_____

[1] Defendant represents that the CITF had a role investigating the 2006 suicides of three detainees described below in paragraph 7(a).  It is unclear to Defendant at this time whether the CITF also played a role with respect to the remaining portions of Plaintiffs' FOIA request.

7.      The parties have also agreed on a schedule for the production of records under

Plaintiffs' request.  Plaintiffs' FOIA request covers records that fall into a number of categories,

and Defendant shall produce responsive, non-exempt records within its possession and control

based on a rolling production schedule.  Although each category will have a different production

deadline, each deadline will begin from the same date: August 13, 2008.  The parties propose that

the Court enter an order adopting the following:

       a.      <u>Three detainees who committed suicide in 2006</u> (Mani Shaman Turki

al-Habardi al-Utaybi (ISN 588), Ali Abdullah Ahmed (ISN 693) and Yassar Talal al-Zahrani):

       i.      Defendant will complete its processing of the NCIS investigation

reports, CITF investigation reports, and AFIP autopsy reports and release all responsive, non-

exempt records within its possession and control within 30 days of August 13, 2008 (by

09/12/08).

       ii.      Defendant's other relevant components (JIG, JDG, JMG, OGC)

will complete their processing of and release all responsive, non-exempt records within their

possession and control within 90 days of August 13, 2008 (by 11/11/08).

       b.      <u>Detainee who committed suicide in 2007</u> (Abdul Rahman Ma'ath Thafir

Al Amri a.k.a. Al Amri):

       i.      Defendant's investigation into this death is ongoing.  Defendant

will provide a status report on the NCIS investigation reports, AFIP autopsy reports, and any

CITF investigation reports within 30 days of August 13, 2008 (by 09/12/08).  In addition, within

five business days of the completion of the investigation, the parties will confer to agree upon a

specific production date by which Defendant will release all responsive, non-exempt records

within its possession and control.

        ii.     Defendant's other relevant components (JIG, JDG, JMG, OGC) will complete their processing of and release all responsive, non-exempt records within their possession and control within 90 days of August 13, 2008 (by 11/11/08). If Defendant's investigation of this death is completed after November 11, 2008, these components will process and release all responsive non-exempt records within their possession and control that relate to the investigation within 30 days of the completion of the investigation.

        c.     <u>Detainee who died of natural causes in 2007</u> (Abdul Razzak):

        i.     Defendant (NCIS, AFIP, JIG, JDG, JMG, OGC, CITF) will complete its processing of and release all responsive, non-exempt records within its possession and control all responsive, non-exempt records within 90 days of August 13, 2008 (by 11/11/08).

        d.     <u>Detainees who have attempted to commit suicide</u>:

        i.     Defendant (NCIS, AFIP, JIG, JDG, JMG, OGC, CITF) will complete its processing of and release all responsive, non-exempt records within its possession and control within 120 days of August 13, 2008 (by 12/11/08).

        ii.     For the category of detainees who have attempted suicide, DoD will release all responsive, non-exempt records within its possession and control on a rolling basis before the final production deadline of December 11, 2008, as each DoD component finishes its search.

        iii.     DoD will release all responsive, non-exempt records within its possession and control related to detainees who have attempted to commit suicide for the period beginning on January 1, 2002 and ending July 17, 2007.

- 4 -

8.    The parties have reached a number of additional agreements on relevant issues:

a.    Defendant will exempt detainee dental records from Plaintiffs' request.

b.    The Detainee Affairs component will produce all responsive, non-exempt records within its possession and control that relate to Plaintiffs' entire FOIA request on a rolling basis as it completes its search responsive to each category of Plaintiffs' request, with a final production deadline of 120 days from August 13, 2008 (by 12/11/08).

c.    To the extent that some of the components conducting the relevant searches may locate records that will have to be referred to other departments or agencies for review, DoD will refer the records as appropriate and will make every effort to produce any responsive, non-exempt records by December 11, 2008.  In the event such a referral occurs, the parties shall, at the time of referral, confer to agree upon a specific production date.

d.    Plaintiffs' FOIA request also requested records relating to any detainees who had been killed due to homicide or who had been victims of attempted homicide.  Defendant does not believe any detainees fit into either category.  To the extent that Defendant discovers any records for the period from January 1, 2002 to July 17, 2007, that contradict Defendant's belief, Defendant will inform Plaintiffs within five business days of the discovery, and the parties will confer on how to resolve this matter.

e.    This schedule represents Defendant's good faith estimate of its ability to process Plaintiffs' request, and Defendant reserves the right to seek to modify the schedule by stipulation or Court order in the event that ongoing military operations, the availability of necessary personnel, or other circumstances preclude Defendant from fulfilling the terms of the schedule.  Plaintiffs reserve the right to oppose any such request.  Defendant nevertheless

- 5 -

anticipates being able to meet the deadlines proposed in this schedule and will make every effort to do so.

       f.    By September 12, 2008, Defendant will notify Plaintiffs whether the CITF possesses any records that may be responsive to Plaintiffs' FOIA request other than CITF's investigation of the 2006 suicides of three detainees described above in paragraph 7(a). Notwithstanding this notification, the CITF will still produce all responsive non-exempt records within its possession and control according to the schedule set forth above.

       9.    Upon the completion of Defendant's processing of Plaintiffs' request, the parties will promptly apprise the Court of the status of this case.  The parties ask that the Court retain jurisdiction over this suit for the primary purpose of resolving any subsequent dispute over withheld records.  The parties agree to undertake their best efforts to resolve any issues regarding the withholding of records by Defendant.  If a dispute remains as to any withholding, the parties will inform the Court and, at that time, will propose a schedule for the briefing of the dispute.  If the parties are able to resolve any and all issues regarding withholdings, the parties will jointly inform the Court that dismissal of this case is appropriate.

       10.    In light of this agreement, the parties request that the briefing schedule entered on July 16, 2008, and vacated by this Court on August 14, 2008, remain vacated.

                  Respectfully submitted,


 /s/ Hina Shamsi                            GREGORY G. KATSAS
Hina Shamsi                                 Assistant Attorney General
Nasrina Bargzie
Jameel Jaffer                                JEFFREY A. TAYLOR
American Civil Liberties Union Foundation    United States Attorney
125 Broad Street, 18th Floor

New York, NY 10004
Phone:  (212) 519-7886
Fax:  (212) 549-2583
hshamsi@aclu.org

Arthur B. Spitzer (D.C. Bar No. 235960)
American Civil Liberties Union
  of the National Capital Area
1400 20th Street, N.W., Suite 119
Washington, DC 20036
Phone: (202) 457-0800
Fax: (202) 452-1868
artspitzer@aol.com


Deena Hurwitz
International Human Rights Law Clinic
and Human Rights Program
University of Virginia School of Law
580 Massie Road, Charlottesville, VA 22903
Phone: (434) 924-4776
Fax: (434) 924-7315
drh9z@virginia.edu


*Counsel for Plaintiffs*

JOSEPH H. HUNT
Director, Federal Programs Branch
ELIZABETH J. SHAPIRO
Asst. Branch Dir., Federal Programs Branch


 /s/ Peter D. Leary                            
PETER D. LEARY (VA Bar # 71196)
Trial Attorney, Federal Programs Branch
U.S. Department of Justice, Civil Division
Tel: (202) 514-3313
Fax: (202) 616-8470
peter.leary@usdoj.gov

Mailing Address:
Post Office Box 883
Washington, D.C. 20044

Courier Address:
20 Massachusetts Ave., NW, Rm. 7322
Washington, D.C. 20001

*Counsel for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 20, 2008, I caused the foregoing Joint Notice of Proposed

Amended Production Schedule to be served electronically on Plaintiffs by filing it with this Court's

Electronic Case Files (ECF) system.

Dated: August 20, 2008

            /s/ Peter D. Leary
           PETER D. LEARY

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

---

|  |  |
|---|---|
| ) | |
| AMERICAN CIVIL LIBERTIES UNION and ) | |
| AMERICAN CIVIL LIBERTIES UNION FOUNDATION, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Civil Action No. 1:08-cv-00672 |
| ) | (HHK) |
| v. ) | |
| ) | |
| UNITED STATES DEPARTMENT OF DEFENSE, ) | |
| ) | |
| Defendant. ) | |
| ) | |

---

**ORDER**

Based on the parties' Joint Notice of Proposed Amended Production Schedule, it is

hereby

**ORDERED** that Defendant complete its processing of Plaintiffs' Freedom of Information

Act request submitted to the Department of Defense based on the production schedule set forth in

the parties' Joint Notice of Proposed Amended Production Schedule; and it is

**FURTHER ORDERED** that Defendant provide Plaintiffs with written certification of its

compliance with each deadline set forth in the parties' Joint Notice of Proposed Amended

Production Schedule within 14 days of that deadline; and it is

**FURTHER ORDERED** that the parties promptly file a status report upon the

completion of Defendant's processing of Plaintiffs' request; and it is

**FURTHER ORDERED** that the briefing schedule entered on July 16, 2008, and vacated

on August 14, 2008, remains vacated.

_____
HENRY H. KENNEDY, JR.

United States District Judge

Dated: _____.